Arnold B. Calmann
Katherine A. Escanlar
**SAIBER LLC**
One Gateway Center, 9th Floor
Newark, NJ 07102-5308
T: (973) 622-3333
abc@saiber.com
kescanlar@saiber.com

*Attorneys for Plaintiff Azurity Pharmaceuticals, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AZURITY PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. _____ |
| BIONPHARMA INC., | ) | |
| | ) | |
| Defendant. | ) | *Document Filed Electronically* |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

For its Complaint against Defendant Bionpharma Inc. ("Bionpharma" or "Defendant"), Plaintiff Azurity Pharmaceuticals, Inc. ("Azurity" or "Plaintiff"), by and through its attorneys, alleges as follows:

**THE NATURE OF THE ACTION**

1.       This is an action for declaratory judgement of patent infringement of United States Patent No. 11,040,023 (the "'023 patent") under the patent laws of the United States, Title 35, United States Code, and the Declaratory Judgement Act, Title 28 United States Code, that arises out of the filing by Defendant Bionpharma of Abbreviated New Drug Application ("ANDA") No. 212408 with the U.S. Food and Drug Administration ("FDA") seeking approval of a generic version of Azurity's oral solution that is the subject of New Drug Application ("NDA") No.

1

208686, hereinafter referred to as Azurity's "Epaned® product," and Bionpharma's decision to launch that product. Azurity seeks all available relief under the patent laws of the United States, 35 U.S.C. § 100 *et. seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, and any other applicable laws for Defendant's infringement of the '023 Patent.

## THE PARTIES

2. Azurity is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 8 Cabot Road, Suite 2000, Woburn MA 01801.

3. Azurity is the successor-in-interest to Silvergate Pharmaceuticals, Inc. ("Silvergate").[1]

4. On information and belief, Bionpharma is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 600 Alexander Rd., #2-4B, Princeton, NJ 08540. On information and belief, Bionpharma is in the business of, among other things, developing, manufacturing, and selling generic copies of branded pharmaceutical products for the U.S. market.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*, and from Bionpharma's submission of ANDA No. 212408.

6. This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331, 1338(a) (patent infringement) and 28 U.S.C. §2201. Relief is sought under 35 U.S.C. §§ 271(a)-(c) and 35 U.S.C. § 271(e).

7. This Court has personal jurisdiction over Bionpharma because, among other things, on information and belief, Bionpharma is a corporation with its principal place of business in New Jersey.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(c) and 1400(b).

---

[1] For simplicity, both Azurity and Silvergate are referred to herein as "Azurity."

**AZURITY'S EPANED® PRODUCT**

9.     Azurity holds approved NDA No. 208686 for a ready-to-use oral solution of enalapril maleate, which is prescribed and sold under the trade name Epaned®.

10.     Azurity's Epaned® product is the only FDA approved and labeled ace inhibitor treatment that is a ready-to-use oral solution for hypertension in children.  Epaned® is also indicated to treat hypertension in adults, heart failure, and asymptomatic left ventricular dysfunction.

**PATENTS-IN-SUIT**

11.     The '023 Patent, entitled "Enalapril Formulations," issued on June 22, 2021.  A true and correct copy of the '023 Patent is attached to this Complaint as Exhibit A.

12.     The '023 Patent was duly and legally issued to Azurity as the assignee and Azurity owns all rights, title and interest in the '023 patent.

13.     The '023 patent describes stable, oral liquid formulations of enalapril.

**INFRINGEMENT BY BIONPHARMA**

14.     By letter dated October 30, 2018, Bionpharma notified Azurity that it had submitted ANDA No. 212408 to FDA under Section 505(j)(2)(B) of the Federal Food, Drug and Cosmetic Act ("FDCA") (21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. §314.95) seeking approval to engage in the commercial manufacture, use, and sale of a generic version of Azurity's Epaned® product ("Bionpharma ANDA Product") before the expiration of United States Patent Nos. 9,669,008 (the "'008 Patent"), 9,808,442 (the "'442 Patent"), and 10,039,745 (the "'745 Patent").[2]

15.     By letter dated April 25, 2019, Bionpharma notified Azurity that it had submitted ANDA No. 212408 to FDA under Section 505(j)(2)(B) of the FDCA (21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. §314.95) seeking approval to engage in the commercial manufacture, use, and sale

---

[2] On December 12, 2018, Azurity brought an action against Bionpharma for infringement of the '008 Patent, '442 Patent, and '745 Patent in the District of Delaware.  That case was captioned *Silvergate Pharmaceuticals, Inc. v. Bionpharma Inc.* C.A. No. 18-1962 (D. Del).  A final judgment, dated April 29, 2021, is currently on appeal at the Federal Circuit.

of the Bionpharma ANDA Product before the expiration of United States Patent No. 10,154,987 (the "'987 Patent").[3]

16.    By two separate letters both dated December 4, 2020, Bionpharma notified Azurity that it had submitted ANDA No. 212408 to FDA under Section 505(j)(2)(B) of the FDCA (21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. §314.95) seeking approval to engage in the commercial manufacture, use, and sale of the Bionpharma ANDA Product before the expiration of United States Patent Nos. 10,772,868 (the "'868 Patent") and 10,786,482 (the "'482 Patent").[4]

17.    Each of the '008, '442, '987, '868, '481, and '023 Patents expire on March 25, 2036.

18.    On information and belief, Bionpharma intends to engage in commercial manufacture, use, and sale of the Bionpharma ANDA Product promptly upon receiving FDA approval to do so.

19.    On information and belief, Bionpharma is seeking approval to engage in the commercial manufacture, use, and sale of the Bionpharma ANDA Product before the expiration of the '023 Patent.

20.    On information and belief, Bionpharma's proposed generic version of Azurity's Epaned® brand product, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim, including at least claim 1 of the '023 Patent, under at least one of 35 U.S.C. § 271(a), (b), and/or (c).

---

[3] On June 7, 2019, Azurity brought an action against Bionpharma for infringement of the '987 Patent in the District of Delaware. That case was captioned *Silvergate Pharmaceuticals, Inc. v. Bionpharma Inc.* C.A. No. 19-1067 (D. Del) and proceeded on the same schedule as C.A. No. 18-1962. A final judgment, dated April 29, 2021, is currently on appeal at the Federal Circuit.

[4] On September 18, 2020, Azurity brought an action against Bionpharma for infringement of the '868 Patent and the '482 Patent in the District of Delaware. That case was captioned *Silvergate Pharmaceuticals, Inc. v. Bionpharma Inc.* C.A. No. 20-1256 (D. Del). The Parties filed a Stipulation of Dismissal on May 17, 2021 pending the outcome of the decision on appeal in C.A. No. 18-1962 (D. Del.) and No. 19-1067.

21.     On information and belief, under 35 U.S.C. § 271(e)(2)(A), Bionpharma has infringed at least one claim, including at least claim 1, of the '023 Patent by submitting, or causing to be submitted, to FDA ANDA No. 212408 seeking approval to manufacture, use, import, offer to sell or sell Bionpharma's proposed generic version of Azurity's Epaned® brand product before the expiration date of the '023 Patent.  Upon information and belief, the product described in ANDA No. 212408 would infringe, either literally or under the doctrine of equivalents, at least one claim, including at least claim 1 of the '023 Patent under 35 U.S.C. § 271(e)(2)(A).

## CLAIM FOR RELIEF

### Count I
### (Infringement of the '023 Patent Under 35 U.S.C. § 271(e)(2)(A))

22.     Azurity incorporates each of the preceding paragraphs as if fully set forth herein.

23.     Bionpharma submitted ANDA No. 212408 to FDA under Section 505(j) of the FDCA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Bionpharma ANDA Product throughout the United States prior to the expiration of the '023 patent.  By submitting the ANDA, Bionpharma has committed an act of infringement of the '023 Patent under 35 U.S.C. § 271(e)(2)(A).

24.     There is a definite and concrete, real and substantial, justiciable, and continuing case or controversy existing between Azurity and Bionpharma as to the infringement of the '023 Patent.

25.     If Bionpharma's ANDA is approved by FDA, the commercial manufacture, use, offer for sale, sale, and/or importation of the product that is the subject of Bionpharma's ANDA No. 212408 will constitute an act of direct or indirect infringement of one or more claims of the '023 patent under 35 U.S.C. § 271(a)-(c).

26.     The commercial manufacture, use, offer for sale, sale, and/or importation of the Bionpharma ANDA Product in violation of Azurity's patent rights will cause substantial and irreparable harm to Azurity for which damages are inadequate.

**Count II**
**(Declaratory Judgment of Infringement of the '023 Patent)**

27. Azurity incorporates each of the preceding paragraphs as if fully set forth herein.

28. These claims arise under the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202.

29. There is an actual case or controversy such that the Court may entertain Azurity's request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

30. Bionpharma has stated that "[a]ny further delay in the launch of Bionpharma's ANDA is simply prejudicial to Bionpharma." *Silvergate Pharmaceuticals, Inc. v. Bionpharma Inc*. C.A. No. 18-11962 (D. Del) E.C.F. No. 289 at 20.

31. On information and belief, Bionpharma's ANDA Product has received Tentative Approval from FDA.

32. On information and belief, Bionpharma will engage in and/or induce another to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the product that is the subject of Bionpharma's ANDA No. 212408 immediately and imminently upon approval of ANDA No. 212408.

33. The commercial manufacture, use, offer for sale, sale, and/or importation of the product that is the subject of Bionpharma's ANDA No. 212408 will constitute an act of direct infringement of one or more claims of the '023 patent under 35 U.S.C. § 271(a).

34. On information and belief, Bionpharma will induce infringement of one or more claims of the '023 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Bionpharma's ANDA Product in the United States. On information and belief, upon FDA approval of Bionpharma's ANDA Product, Bionpharma will intentionally encourage acts of direct infringement with knowledge of the '023 Patent and knowledge that its acts are encouraging infringement unless enjoined by the Court.

35.    On information and belief, Bionpharma will contributorily infringe one or more claims of the '023 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Bionpharma's ANDA Product in the United States, unless enjoined by this Court. On information and belief, Bionpharma has had, and continues to have, knowledge that Bionpharma's ANDA Product is especially adapted for a use that infringes one or more claims of the '023 Patent and that there is no substantial non-infringing use for Bionpharma's ANDA Product.

36.    The foregoing actions by Bionpharma will constitute infringement of the '023 Patent.

37.    Bionpharma will commit those acts of infringement without license or authorization.

38.    Azurity is entitled to a declaratory judgement that future commercial manufacture, use, offer for sale, sale, and/or importation of the product that is the subject of Bionpharma's ANDA No. 212408 will infringe the '023 Patent.

39.    Azurity does not have an adequate remedy at law.

40.    The commercial manufacture, use, offer for sale, sale, and/or importation of the Bionpharma ANDA Product in violation of Azurity's patent rights will cause substantial and irreparable harm to Azurity for which damages are inadequate.

## PRAYER FOR RELIEF

Azurity respectfully requests the following relief:

a)    A judgment that Bionpharma has infringed the '023 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 212408 under Section 505(j) of the FDCA, and that Bionpharma's making, using, offering to sell, or selling in the United States, or importing into the United States of the Bionpharma ANDA Product will infringe one or more claims of the '023 Patent;

b)    A finding that the '023 Patent is valid and enforceable;

c)      An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 212408 shall be a date which is not earlier than the latest expiration date of the '023 Patent, as extended by any applicable periods of exclusivity;

d)      An order under 35 U.S.C. § 27l(e)(4)(B) permanently enjoining Bionpharma, its subsidiaries, parents, officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with it or acting on its behalf, from engaging in the commercial manufacture use, offer to sell, or importation into the United States, of any drug product covered by the '023 Patent, including the Bionpharma ANDA Product;

e)      A finding that this action for infringement is an exceptional case under 35 U.S.C. § 285, and that Azurity be awarded reasonable attorneys' fees and costs; and

f)      An award of any such other and further relief as the Court may deem just and proper.

Dated: June 22, 2021

Respectfully submitted,

**SAIBER LLC**
*Attorneys for Plaintiff*
*Azurity Pharmaceuticals, Inc.*

/s Arnold B. Calmann
Arnold B. Calmann
Katherine A. Escanlar
One Gateway Center, 9th Floor
Newark, NJ 07102-5308
T: (973) 622-3333
abc@saiber.com
kescanlar@saiber.com

OF COUNSEL:

Natalie J. Morgan
WILSON SONSINI GOODRICH &
ROSATI
12235 El Camino Real
Suite 200
San Diego, CA 92130-3002
(858) 350-2300

Wendy L. Devine
Kristina M. Hanson
WILSON SONSINI GOODRICH &
ROSATI
One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA 94105
(415) 947-2000

## <u>LOCAL CIVIL RULE 11.2 CERTIFICATION</u>

Pursuant to Local Civil Rule 11.2, the undersigned counsel hereby certifies that this matter in controversy is not the subject of any other action in any other court, or of any pending arbitration or administrative proceeding.

Dated:  June 22, 2021     Respectfully submitted,

              **SAIBER LLC**
              *Attorneys for Plaintiff Azurity Pharmaceuticals, Inc.*


              By: <u>/s Arnold B. Calmann</u>
              Arnold B. Calmann
              Katherine A. Escanlar
              One Gateway Center, 9th Floor
              Newark, NJ 07102-5308
              T: (973)622-3333
              abc@saiber.com
              kescanlar@saiber.com

## LOCAL CIVIL RULE 201.1 CERTIFICATION

Under Local Civil Rule 201.1, the undersigned counsel for Plaintiff Azurity Pharmaceuticals, Inc. hereby certifies that it seeks both monetary damages greater than $150,000 and injunctive and other equitable relief, and therefore this action is not appropriate for compulsory arbitration.

Dated: June 22, 2021                    Respectfully submitted,

SAIBER LLC
*Attorneys for Plaintiff Azurity Pharmaceuticals, Inc.*

By: /s Arnold B. Calmann
Arnold B. Calmann
Katherine A. Escanlar
One Gateway Center, 9th Floor
Newark, NJ 07102-5308
T: (973)622-3333
abc@saiber.com
kescanlar@saiber.com