# EXHIBIT O

SO ORDERED, re 106 Stipulation of Dismissal filed by Bionpharma Inc., ***Civil Case Terminated. Signed by Judge Leonard P. Stark on 5/19/21. (ntl) (Entered: 05/21/2021)

As of May 24, 2021, PACER did not contain a publicly available document associated with this docket entry. The text of the docket entry is shown above.

*Silvergate Pharmaceuticals, Inc. v. Bionpharma Inc.*
1-20-cv-01256 (DDE), 5/21/2021, docket entry

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SILVERGATE PHARMACEUTICALS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> BIONPHARMA INC. <br><br> *Defendant*. | C.A. No. 20-1256 (LPS) |

**JOINT STIPULATION FOR DISMISSAL**

Plaintiff Silvergate Pharmaceuticals, Inc. ("Silvergate") and Defendant Bionpharma Inc. ("Bionpharma") hereby stipulate, subject to approval of the Court, to dismiss with prejudice the above captioned case:

WHEREAS, on December 12, 2018 and June 7, 2019, Silvergate instituted Civil Action Nos. 18-1962 and 19-1067, respectively, in this Court ("First Wave Suits"), alleging that Bionpharma's Abbreviated New Drug Application ("ANDA") No. 212408 ("Bionpharma's ANDA"), which seeks approval from the United States Food and Drug Administration ("FDA") to market an enalapril maleate oral solution, 1 mg/mL ("Bionpharma's ANDA Product"), infringes Silvergate's U.S. Patent Nos. 9,669,008, 9,808,442, 10,039,745, and 10,154,987 ("the First Wave Patents");

WHEREAS, on September 18, 2020, Silvergate instituted the instant action ("Second Wave Suit") alleging that Bionpharma's ANDA infringes U.S. Patent No. 10,772,868 ("'868 patent");

WHEREAS, on September 29, 2020, Silvergate filed an amended complaint in the Second Wave Action adding a claim alleging that Bionpharma's ANDA infringes U.S. Patent No. 10,786,482 ("'482 patent");

WHEREAS, on February 1-5, 2021, this Court held a consolidated bench trial in the First Wave Suits;

WHEREAS, on March 4, 2021, Silvergate filed a second amended complaint in the Second Wave Suit adding a claim seeking a declaratory judgment that Bionpharma's ANDA product will infringe U.S. Patent No. 10,918,621 ("'621 patent") (the '868, '482, and '621 patents, collectively, "Second Wave Patents");

WHEREAS, on March 31, 2021, Silvergate filed a motion for preliminary injunction in the First Wave Suits and in the Second Wave Suit (C.A. No. 18-1962, D.I. 231; C.A. No. 19-1067, D.I. 218; C.A. No. 20-1256, D.I. 67);

WHEREAS, on April 27, 2021, this Court issued an Opinion in the First Wave Suits (C.A. No. 18-1962, D.I. 257; C.A. No. 19-1067, D.I. 244), finding that Bionpharma's ANDA and the product described therein do not infringe the asserted claims of the First Wave Patents;

WHEREAS, on April 29, 2021, this Court entered Final Judgments in the First Wave Suits (C.A. No. 18-1962, D.I. 270; C.A. No. 19-1067, D.I. 257) in favor of Bionpharma on Silvergate's infringement claims, and in favor of Bionpharma on Bionpharma's counterclaims for non-infringement;

WHEREAS, on April 30, 2021, Silvergate filed a notice of appeal in the First Wave Suits (C.A. No. 18-1962, D.I. 271; C.A. No. 19-1067, D.I. 258);

WHEREAS Silvergate disputes the Court's April 27, 2021 Opinion in the First Wave Suits and has appealed that Opinion and the final judgments in the First Wave Suits;

WHEREAS Bionpharma contends the Final Judgments entered in the First Wave Suits bar Silvergate's infringement claims in the Second Wave Suit pursuant to the doctrine of collateral estoppel;

WHEREAS Silvergate contends the issues on appeal in the First Wave Suits will affect the scope of the issues in the Second Wave Suit;

WHEREAS Silvergate reserves all rights to bring an action against Bionpharma with respect to the Second Wave Patents in the event that the Federal Circuit reverses or vacates all or a relevant portion of the Final Judgments entered in the First Wave Suits;

IT IS HEREBY STIPULATED AND AGREED by the undersigned counsel for Silvergate and Bionpharma, subject to the approval of the Court, that all claims and counterclaims, defenses, motions and petitions asserted in this action are dismissed **WITH PREJUDICE**, except that such dismissal is **WITHOUT PREJUDICE** to Silvergate's ability to re-assert the Second Wave Patents against Bionpharma in the event that the Federal Circuit renders a decision whereby collateral estoppel would not apply to bar Silvergate's assertion of the Second Wave Patents against Bionpharma.  In the event that Silvergate pursues such relief, Bionpharma shall retain the right to respond with any and all defenses and counterclaims.  Each party shall bear its own costs and attorneys' fees with respect to the matters dismissed in this Second Wave Suit.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | PHILLIPS, MCLAUGHLIN & HALL, P.A. |
| */s/ Megan E. Dellinger* <br> Jack B. Blumenfeld (#1014) <br> Megan E. Dellinger (#5739) <br> 1201 North Market Street <br> P.O. Box 1347 <br> Wilmington, DE  19899 <br> (302) 658-9200 <br> jblumenfeld@morrisnichols.com <br> mdellinger@morrisnichols.com <br><br> *Attorneys for Plaintiff Silvergate Pharmaceuticals, Inc.* | */s/ John C. Phillips, Jr.* <br> John C. Phillips, Jr. (#110) <br> Megan C. Haney (#5016) <br> 1200 North Broom Street <br> Wilmington, DE  19806 <br> (302) 655-4200 <br> jcp@pmhdelaw.com <br> mch@pmhdelaw.com <br><br> *Attorneys for Defendant Bionpharma Inc.* |

May 17, 2021

3

4

SO ORDERED this ___ day of May, 2021.

_____
UNITED STATES DISTRICT JUDGE