# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AZURITY PHARMACEUTICALS, INC., | ) | |
| | ) | Civil Action No. 21-12870 (MAS) (DEA) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **Motion Returnable: September 7, 2021** |
| BIONPHARMA INC., | ) | |
| | ) | **ORAL ARGUMENT REQUESTED** |
| Defendant. | ) | |

---

## DEFENDANT BIONPHARMA'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER VENUE PURSUANT 28 U.S.C. § 1404(a)

---

Of Counsel:

Andrew M. Alul
Roshan P. Shrestha, Ph.D.
TAFT, STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
312-527-4000

Thomas R. Curtin
George C. Jones
MCELROY, DEUTSCH, MULVANEY
 & CARPENTER, LLP
1300 Mount Kemble Ave.
P.O. Box 2075
Morristown, NJ 07962-2075
(973) 993-8100

*Attorneys for Defendant*
*Bionpharma Inc.*

**TABLE OF CONTENTS**

TABLE OF ABBREVIATIONS ............................................................................................... iii
INTRODUCTION .......................................................................................................................1
ARGUMENT ................................................................................................................................2
I.     TRANSFER IS NECESSARY AS DELAWARE IS A MORE CONVENIENT FORUM ............................................................................................................................2
         A.    Azurity's Public Interest Factors Arguments Lack Credibility .............................2
              1.    The Instant Suit Is Duplicative over the First and Second Wave Suits ......2
              2.    Both Sides Extensively Rely on Judge Stark's Rulings..............................4
              3.    Judge Stark Already Heard Evidence at Trial on Bionpharma's Obviousness Defense .................................................................................5
              4.    Judge Stark Is in the Best Position to Assess Azurity's TRO/PI Motion ...7
              5.    Azurity Does Not Dispute that Court Congestion Favors Transfer ...........8
         B.    The Private Interest Factors Support Transfer .........................................................8
              1.    Azurity's Choice of Forum Is Not Entitled to Any Weight........................8
              2.    Both Parties Are Domiciled in Delaware, Not New Jersey .......................8
II.    THE FIRST-FILED RULE APPLIES, AND COUNSELS FOR TRANSFER .................9
III.   AZURITY CONCEDES IT FORUM SHOPPED ...........................................................10
CONCLUSION...........................................................................................................................11

## TABLE OF AUTHORITIES

**Cases**

*GlaxoSmithKline Consumer Healthcare, L.P. v. Merix Pharm. Corp.*,
   No. Civ.A. 05-898(DRD), 2005 WL 1116318 (D.N.J. May 10, 2005) ............................ 9, 10

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) .................................................................................................. 9

*Nature's Benefit, Inc. v. NFI*,
   Civ. No. 06-4836 (GEB), 2007 WL 2462625 (D.N.J. Aug. 27, 2007) .................................. 9

*Pharmanet, Inc. v. DataSci LLC*,
   Civ. No. 08-2965 (GEB), 2009 WL 396180 (D.N.J. Feb. 17, 2009) ................................. 7, 8

*SimpleAir Inc. v. Google LLC*,
   884 F.3d 1160 (Fed. Cir. 2018) ........................................................................................ 2, 3

*Teva Pharm. USA, Inc. v. Sandoz Inc.*,
   C.A. No. 17-275(FLW), 2017 WL 2269979 (D.N.J. May 23, 2017) .................................... 8

*Valeant Pharm. N. Am. LLC v. Mylan Pharm. Inc.*,
   978 F.3d 1374 (Fed. Cir. 2020) ............................................................................................ 8

*Yang v. Odom*,
   409 F. Supp. 2d 599 (D.N.J. 2006) ....................................................................................... 8

**Statutes**

28 U.S.C. § 1404(a) ............................................................................................................. 1, 9

## TABLE OF ABBREVIATIONS

| Abbreviation | Meaning |
|---|---|
| '008 patent | U.S. Patent No. 9,669,008 B1 (ECF No. 9-3, 7/13/21 Shrestha Decl. Ex. C) |
| '023 patent or patent-in-suit | U.S. Patent No. 11,040,023 B2 (ECF No. 1-1, Compl. Ex. A) |
| '442 patent | U.S. Patent No. 9,808,442 B2 (ECF No. 9-4), 7/13/21 Shrestha Decl. Ex. D) |
| '482 patent | U.S. Patent No. 10,786,482 B2 (ECF No. 9-12, 7/13/21 Shrestha Decl. Ex. L) |
| '587 application | U.S. Patent Application No. 17/150,587, the prosecution history of which is attached as Ex. V to the 7/13/21 Shrestha Declaration (ECF No. 9-22) |
| '587 PH | Prosecution history of the '587 application, attached as Ex. V to the 7/13/21 Shrestha Declaration (ECF No. 9-22) |
| '621 patent | U.S. Patent No. 10,918,621 B2 (ECF No. 9-13, 7/13/21 Shrestha Decl. Ex. M) |
| '745 patent | U.S. Patent No. 10,039,745 B2 (ECF No. 9-5, 7/13/21 Shrestha Decl. Ex. E) |
| '747 patent | U.S. Patent No. 8,568,747 B1 (Ex. Q to the Moreton Declaration submitted concurrently herewith) |
| Amneal | Amneal Pharmaceuticals LLC |
| ANDA | Abbreviated New Drug Application pursuant to 21 U.S.C. § 355(j) |
| Azurity | Plaintiff Azurity Pharmaceuticals, Inc., successor-in-interest to Silvergate Pharmaceuticals, Inc. |
| Azurity's enalapril liquid patent family | '008, '442, '745, '987, '482, '868,'621, and '023 patents |
| Azurity's TRO/PI Motion | ECF No. 24, Azurity's Motion for Order to Show Cause for Temporary Restraining Order, Preliminary Injunction, and Other Emergent Relief |
| Azurity's TRO/PI Motion Brief | ECF No. 25, Brief in Support of Azurity's Order to Show Cause for Temporary Restraining Order, Preliminary Injunction, and Other Emergent Relief |

| Abbreviation | Meaning |
|---|---|
| Azurity's Opposition | ECF No. 31, Azurity's Opposition to Defendant's Motion to Transfer |
| Bionpharma | Defendant Bionpharma Inc. |
| Bionpharma's ANDA | Bionpharma's ANDA No. 212408 |
| Bionpharma's Motion to Dismiss or Bionpharma's MTD | ECF No. 8, Defendant Bionpharma's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) |
| Bionpharma's Motion to Dismiss Brief or Bionpharma's MTD Br. | ECF No. 8-1, Defendant Bionpharma's Brief in Support of Its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) |
| Bionpharma's Motion to Transfer or Bionpharma's MTT | ECF No. 7, Defendant Bionpharma's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) |
| Bionpharma's Opening Brief or Bionpharma's MTT Brief | ECF No.7-1, Defendant Bionpharma's Brief in Support of tis Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) |
| Bionpharma's TRO/PI Opposition | ECF No. 38, Defendant Bionpharma's Opposition to Plaintiff Azurity's Motion for Order to Show Cause with Temporary Restraints, Preliminary Injunction, and Other Emergent Relief |
| The common specification | The common specification of Azurity's enalapril liquid patent family |
| DOE | Doctrine of equivalence |
| Epaned® Kit or the Kit | Azurity's predecessor product to Epaned® (ECF No. 9-7, 7/13/21 Shrestha Decl. Ex. G, Op. at 7), the prescribing information for which is attached as Ex. E to the Shrestha Declaration, submitted currently herewith |
| First Wave Patents | '008, '442, '745, and '987 patents |
| First Wave Suits | *Silvergate Pharmaceuticals, Inc. v. Bionpharma Inc.*, C.A. Nos. 18-1962 and 19-1067 (D. Del.) |
| NDA | New Drug Application pursuant to 21 U.S.C. § 355(b)(1) |
| Paragraph IV certification | Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) |
| PI | Preliminary injunction |
| POSA | Person of ordinary skill in the art |

| Abbreviation | Meaning |
|---|---|
| PTO or Patent Office | United States Patent and Trademark Office |
| Second Wave Patents | '868, '482, and '621 patents |
| Second Wave Suit | *Silvergate Pharmaceuticals, Inc. v. Bionpharma Inc.*, C.A. No. 20-1256 (D. Del.) |
| 7/13/21 Shrestha Declaration | ECF No. 9, July 13, 2021 Declaration of Roshan P. Shrestha, Ph.D. |
| 8/26/21 Shrestha Declaration | ECF No. 40, August 26, 2021 Declaration of Roshan P. Shrestha, Ph.D. |
| Shrestha Declaration | The Declaration of Roshan P. Shrestha, Ph.D, submitted concurrently herewith |
| Third Wave Suit | The instant action, *Azurity Pharmaceuticals, Inc. v. Bionpharma Inc.*, C.A. No. 21-12870 (D.N.J.) |

Defendant Bionpharma respectfully submits the instant Reply Brief in support of its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (ECF No.7).

## INTRODUCTION

Plaintiff Azurity's arguments against transfer essentially boil down to the following: (1) the instant action is wholly unrelated to the First and Second Wave Suits and other pending litigation involving Azurity's enalapril oral liquid patent family in Delaware; (2) Azurity's choice of New Jersey should be given paramount consideration; and (3) the First-Filed rule should not apply because the issues in the instant suit are not identical to those in the First and Second Wave Suits. As explained below, Azurity's arguments should be rejected, as:

(a) the instant suit is duplicative over the First and Second Wave Suits, as explained in connection with Bionpharma's pending Motion to Dismiss (ECF No. 8), which Azurity has no credible answer for;

(b) numerous defenses that Bionpharma raises in the instant suit were raised in the First and Second Wave Suits, and at last one (obviousness) was taken to trial and presented to Judge Stark in connection with the First Wave Suits;

(c) both parties rely on numerous findings Judge Stark made after trial in the First Wave Suits and argue *res judicata* (claim preclusion or collateral estoppel) based on those findings)

(d) Azurity is a foreign plaintiff, and thus its choice of New Jersey should be accorded significantly less weight as a matter of law;

(e) New Jersey is **_not_** Bionpharma's home forum—Delaware is, and Delaware is also Azurity's home forum; and

(f) substantial overlap exists between the instant action and the First and Second Wave Suits, justifying application of the First-Filed Rule.

Finally, Azurity admits that, in filing the instant suit in this District, it engaged in forum shopping in an attempt to get away from adverse rulings in Delaware, including the Delaware court's order exempting Bionpharma from producing FDA correspondence solely related to the approval status of Bionpharma's ANDA. For the foregoing reasons, and those explained in

Bionpharma's Opening Brief (ECF No. 7-1), Bionpharma respectfully requests that the instant Third Wave Action be transferred to the District of Delaware.

## ARGUMENT

### I. TRANSFER IS NECESSARY AS DELAWARE IS A MORE CONVENIENT FORUM

#### A. Azurity's Public Interest Factors Arguments Lack Credibility

Azurity's primary argument against transfer appears to be that the instant Third Wave Suit is "wholly distinct from any litigation in Delaware." ECF No. 31, Azurity's Opp'n at 1. As explained below, this argument strains credulity, as it utterly ignores the arguments raised in connection with Bionpharma's pending Motion to Dismiss (ECF No. 8), the fact that both sides rely extensively on arguments and findings made in connection with the First and Second Wave Suits, and the overlap in invalidity defenses between the instant Third Wave Suit and those Bionpharma raised in connection with the First and Second Wave Suits.

#### 1. The Instant Suit Is Duplicative over the First and Second Wave Suits

Bionpharma has moved to dismiss the instant Third Wave Suit on claim preclusion grounds, because the '023 patent is "patentably indistinct" from the claims of the First and Second Wave Patents, which, the Federal Circuit has held, means that the claims of the '023 patent "are essentially the same" as the claims of the First and Second Wave Suit. *SimpleAir Inc. v. Google LLC*, 884 F.3d 1160, 1167 (Fed. Cir. 2018). Indeed, the '023 patent shares the exact same title, inventors, and specification as the First and Second Wave Patents. *Compare* ECF No. 1-1, Compl. Ex. A, '023 patent, *with* ECF Nos. 9-3 - 9-6, 9-11 - 9-13, 7/13/21 Shrestha Decl. Exs. C-F, K-M, First and Second Wave Patents. Bionpharma explained in painstaking detail in its Motion to Dismiss Brief (ECF No. 8-1), with claim charts, how the claims of the '023 patent are anticipated or rendered obvious by the claims of the First and Second Wave Patents, rendering the '023 patent

claims patentably indistinct from the claims of the First and Second Wave Patents. ECF No. 8-1, Bionpharma's MTD Br. at 12-21. Bionpharma's claim charts illustrated how the claims of the '023 patent are structurally similar to the claims of the First and Second Wave Patents—all claims are directed to enalapril liquid formulations: (1) with certain concentrations of enalapril (or pharmaceutically acceptable salt/solvate); (2) with certain concentrations of a preservative that is either sodium benzoate, a paraben, or a mixture of parabens; and (3) that are stable (defined as having at least 95% enalapril and less than 5% impurities after a given storage) for at least 12 months under refrigerated conditions. *Id*. All of the claims of the First and Second Wave Patents require a buffer, while the '023 patent claims do not require, but also do not exclude,[1] a buffer.

In both its brief in support of its TRO/PI motion (ECF No. 25) and its Opposition to Bionpharma's Motion to Transfer (ECF No. 31), Azurity has utterly failed to address Bionpharma's "patentably indistinct" arguments, and instead solely relies on its incorrect and legally erroneous assertion that the "claims of the '023 have a different scope than those previously litigated claims and those asserted against other defendants in other actions." ECF No. 31, Azurity's Opp'n at 14. In *SimpleAir*, the Federal Circuit held as a matter of law that patentably indistinct claims have the same scope, and Azurity has no answer for this. *SimpleAir*, 884 F.3d at 1165-69. The fact that the '023 patent claims might be slightly broader than the claims of the First and Second Wave Patents—because the '023 patent claims may include, but do not expressly require, a buffer component—does not defeat claim preclusion as long as the claims of the '023 patent are patentably indistinct from the claims of the First and Second Wave Patents, which

---

[1] Azurity does not dispute that that claims of the '023 patent include within their scope enalapril liquids that contain a buffer; nor could it, as it listed the '023 patent in the FDA's Orange Book for Epaned, which contains a citric acid/sodium citrate buffer. See ECF No. 38, Bionpharma's TRO/PI Opp'n at 15 n.6; ECF No. 42, Moreton Decl. ¶¶ 36-41, 46.

3

Bionpharma has demonstrated is the case.

Finally, merits aside, as explained in Bionpharma's Opening Brief (ECF No. 7-1), Judge Stark is in the best position to assess Bionpharma's claim preclusion defense. Azurity does not dispute that for the last three years Judge Stark has presided over suits involving the First and Second Wave Patents, and that Judge Stark interpreted the scope of the claims of at least the First Wave Patents and made rulings based on those interpretations after trial in the First Wave Suits. Judge Stark has presided over at least 8 separate cases involving Azurity's enalapril liquid patent family, with at least three of them still pending before Judge Stark.[2] Thus, Judge Stark is in the best position to assess whether the claims of the First and Second Wave Patents anticipate or render obvious the claims of the '023 patent—Judge Stark has already done at least half the work.

### 2. Both Sides Extensively Rely on Judge Stark's Rulings

Azurity's assertion that "the claims [of the '023 patent] raise new and different issues not previously addressed by Judge Stark" (ECF No. 31, Azurity's Opp'n at 12) is entirely belied by arguments it raises in support of infringement in its TRO/PI Brief, where it relies on alleged facts from the First Wave Suits to support its case for infringement of the '023 patent and argues that Bionpharma is collaterally estopped from contesting such facts. Indeed, Azurity relies on "facts" from the First Wave Suits in an attempt to prove that Bionpharma's ANDA product meets at least 5 different limitations of the '023 patent claims, and further argues that Bionpharma is collaterally estopped from contesting such "facts." *See* ECF No. 25, Azurity's TRO/PI Br. at 8, 10-11. Azurity

---

[2] *Silvergate Pharm. Inc. v Bionpharma Inc.*, 18-cv-01962-LPS (D. Del.); *Silvergate Pharm. Inc. v Amneal Pharm. LLC.*, 19-cv-00678-LPS (D. Del.); *Silvergate Pharm. Inc. v Bionpharma Inc.*, 19-cv-01067-LPS (D. Del.); *Silvergate Pharm. Inc. v Alkem Labs. Ltd.*, 19-cv-02100-LPS (D. Del.); *Silvergate Pharm. Inc. v Bionpharma Inc.*, 20-cv-01256-LPS (D. Del.); *Silvergate Pharm. Inc. v Amneal Pharm., LLC*, 20-cv-01255-LPS (D.Del.); *Silvergate Pharm. Inc. v. Annora Pharma Pvt. Ltd.*, 21-cv-00196-LPS (D. Del.); *Silvergate Pharm. Inc. v. Annora Pharma Pvt. Ltd.* 20-cv-00753-LPS (D. Del.).

further argues that "Bionpharma is estopped from arguing" that certain excipients in Bionpharma's ANDA product affect that "basic properties and [alleged] novelty of the claimed invention of claim 1" based on prior unspecified representations that Bionpharma allegedly made during the First Wave Suits. *Id*. at 12.

In turn, Bionpharma relies extensively on the Delaware court's fact findings and rulings and on admissions Azurity made during the First and Second Wave Suits to support of its defenses in the instant Third Wave Suit. For example, Bionpharma has raised a claim preclusion defense based on the Delaware court's judgment of non-infringement in the First Wave Suits. ECF No. 8-1, Bionpharma's MTD Br. at 8-19. Bionpharma has also raised written description and non-enablement defenses to the '023 patent which rely heavily on admission Azurity and its prior formulation expert (Dr. Byrn)[3] made during the First and Second Wave Suits, including critically important admission on the inherent instability of enalapril in liquid formulations and the unpredictability of enalapril liquid stability. ECF No. 38, Bionpharma's TRO/PI Opp'n at 11-12, 25.

For at least these reasons, Azurity's attempt to portray the First and Second Wave Suits as wholly unrelated or distinct from the instant Third Wave Suit has no basis in fact.

### 3.  Judge Stark Already Heard Evidence at Trial on Bionpharma's Obviousness Defense

Azurity neglects to mention that Bionpharma raised in the First and Second Wave Suits the same written description, non-enablement, and obviousness defenses that Biopharma raises in the instant suit. *Compare*, ECF No. 38, Bionpharma's TRO/PI Opp'n Br. at 10-26, *with* Shrestha

---

[3] The Delaware court expressly found that Dr. Byrn lacked credibility at trial in the First Wave Suits. ECF No. 9-7, 7/13/21 Shrestha Ex. G, Op. at 66 n.12. Azurity has served a declaration from a different pharmaceutical formulator (Dr. Buckton) in connection with its TRO/PI Motion. *See* ECF No. 25-6.

Decl. Ex. A, Bionpharma's First Wave Suits Invalidity Contentions at 12-26, *and* Shrestha Decl. Ex. B, D. Del. 18-1962 ECF No. 245, Bionpharma's PI Mot. Opp'n Br. at 3-14. While Bionpharma dropped its invalidity defenses before trial in the First Wave Suits, that trial was consolidated with a related action that Azurity filed against defendant Amneal,[4] who did raise invalidity defenses at trial in the First Wave Suits, including obviousness. Shrestha Decl. Ex. C, D. Del. 19-678 ECF No. 179, Amneal's Opening Post-Trial Br. (REDACTED). The obviousness defense Amneal presented at trial was based on the same prior art that Bionpharma relies upon in the instant Third Wave Suit in support of its invalidity defense: (1) Epaned® Kit Prescribing Information (Sept. 2014) (ECF No. 40-2, 8/26/21 Shrestha Decl.); (2) Ip and Brenner, 16 ANALYTICAL PROFILES OF DRUG SUBSTANCES 207 (1987) (ECF No. 42-3, Moreton Decl. Ex. I); (3) RAYMOND C. ROWE ET AL., HANDBOOK OF PHARMACEUTICAL EXCIPIENTS (6th Ed. 2009) (ECF No. 43, Moreton Decl. Ex. E); (4) U.S. Food and Drug Administration, *Guidance for Industry Q1A(R2) Stability Testing of New Drug Substances and Products* (Nov. 2003, Rev. 2) (ECF No. 42-8, Moreton Decl. Ex. P); (5) U.S. Patent No. 8,568,747 B1 (ECF No. 42-9, Moreton Decl. Ex. Q). *See* ECF No. 42, Moreton Decl. ¶¶ 129-131; Shrestha Decl. Ex. C, D. Del. 19-678 ECF No. 179, Amneal's Opening Post-Trial Br. (REDACTED) at 4-18.

Thus, Judge Stark in Delaware has already heard trial testimony on Bionpharma's obviousness defense and received into evidence the very prior art that Bionpharma relies on for that defense.[5] Moreover, as Azurity acknowledges, there are currently pending in Delaware suits Azurity has brought against ANDA-filers Annora and Alkem. ECF No. 31, Azurity's Opp'n at 6.

---

[4] *Silvergate Pharm., Inc. v. Amneal Pharm. LLC*, C.A. 19-678-LPS (D. Del.).

[5] Azurity and Amneal settled their case before Judge Stark issued a decision in the Amneal case. *Silvergate Pharm. Inc. v Amneal Pharm. LLC*., C.A. 19-678 (D. Del.) ECF No. 217, So Ordered July 8, 2021.

Those defendants are likely asserting the same obviousness defense that Bionpharma is raising in this suit, and similar written description and non-enablement defenses. Maintenance of the instant Third Wave Suit here risks the possibility of inconsistent judgments on invalidity, which strongly supports transfer.

Judicial economy strongly supports transfer of this case to Delaware, where Judge Stark is already familiar with Bionpharma's ANDA product and has knowledge with respect to a number of Bionpharma's defenses in the instant Third Wave Suit (including claim preclusion and obviousness).

### 4. Judge Stark Is in the Best Position to Assess Azurity's TRO/PI Motion

Finally, Azurity's attempt to rebut Bionpharma's argument that Judge Stark is in the best position to assess any motion for emergency relief that Azurity files by arguing that the '023 patent "has never been the subject of litigation in any other forum" should be rejected—it is irrelevant that the '023 patent has not been asserted in another action. As explained above, Judge Stark is in the best position to assess Bionpharma's claim preclusion defense, is familiar with Bionpharma's ANDA product, and has already heard evidence on at least Bionpharma's obviousness defense to the '023 patent. Moreover, as explained above, Bionpharma's written description and non-enablement defenses rely heavily on admissions and arguments that Azurity and its experts presented to Judge Stark in the First and Second Wave Suits. Thus, Bionpharma respectfully maintains that transfer is warranted because Judge Stark is in the best position to assess Azurity's TRO/PI Motion.[6]

---

[6] *Pharmanet, Inc. v. DataSci LLC*, Civ. No. 08-2965 (GEB), 2009 WL 396180 (D.N.J. Feb. 17, 2009)—which Azurity relies on at page 12 of its Opposition (ECF No. 31) to argue that related litigation filed or pending in another District does not automatically warrant transfer—is inapposite. There, a court in this District denied transfer despite related litigation previously filed and currently pending in the transferee forum because the transferee forum did not have any knowledge regarding the defendant's accused products, the defendant was not a party to any of the

### 5. Azurity Does Not Dispute that Court Congestion Favors Transfer

Azurity agrees that this District is busier than Delaware. ECF No. 31, Azurity's Opp'n at 15 n.17. This factor indisputably counsels for transfer.

### B. The Private Interest Factors Support Transfer

#### 1. Azurity's Choice of Forum Is Not Entitled to Any Weight

Azurity completely fails to address case law from this District that Bionpharma came forward with holding that a foreign plaintiff's venue choice for this forum should be accorded less deference. *Yang v. Odom*, 409 F. Supp. 2d 599, 606 (D.N.J. 2006); *Teva Pharm. USA, Inc. v. Sandoz Inc.*, C.A. No. 17-275(FLW), 2017 WL 2269979, at *5 (D.N.J. May 23, 2017). Azurity does not dispute that it is incorporated, and therefore domiciled, in Delaware. ECF No. 31, Azurity's Br. at 15; *Valeant Pharm. N. Am. LLC v. Mylan Pharm. Inc.*, 978 F.3d 1374, 1375 (Fed. Cir. 2020). Therefore, Azurity's argument that its choice of New Jersey is a "paramount consideration" that "should not be lightly disturbed" (ECF No. 31, Azurity's Opp'n at 11) is without merit and should be rejected.

#### 2. Both Parties Are Domiciled in Delaware, Not New Jersey

Azurity's assertions regarding Bionpharma's relationship to New Jersey are incorrect and misleading. New Jersey *is not* Bionpharma "home forum," as Azurity erroneously alleges in its Opposition. ECF No. 31, Azurity's Opp'n at 6. Bionpharma has an office in New Jersey, but is incorporated in Delaware—thus, as Delaware is Bionpharma's home state as a matter of law. *Valeant*, 978 F.3d at 1375. Azurity concedes that it is domiciled in Delaware too. ECF No. 31,

---

related litigations in the transferee forum, the previously filed related suits were from years ago, and the currently pending suits were filed after the New Jersey suit. *Pharmanet*, 2009 WL 396180, at *16. By contrast, Bionpharma was a party to the First and Second Wave Suits, Judge Stark is intimately familiar with Bionpharma's ANDA product, the First and Second Wave Suits were concluded just a few months ago, and the currently pending related suits in Delaware were filed before this Third Wave Suit.

Azurity's Opp'n at 15. Thus, Bionpharma respectfully submits that Delaware has a greater interest in resolving this dispute.

Furthermore, while Azurity is correct that Bionpharma's ANDA was prepared and submitted from Bionpharma's office in New Jersey, this fact never stopped Azurity from filing three previous actions involving seven patents in the same family—the First and Second Wave Suits—against Bionpharma in Delaware. Thus, Bionpharma respectfully submits that the fact that its ANDA was prepared and submitted from New Jersey should be accorded little weight, and does not change the fact that Delaware has a greater interest in resolving this dispute than New Jersey.

\*   \*   \*

For the foregoing reasons and those explained in Bionpharma's Opening Brief (ECF No. 7-1) at pages 9-17, the public and private interest *Jumara* factors warrant transfer of this action to the District of Delaware under 28 U.S.C. § 1404(a). *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

## II.   THE FIRST-FILED RULE APPLIES, AND COUNSELS FOR TRANSFER

Azurity's argument that the First-Filed rule does not apply because the '023 patent is and was not involved in any Delaware case, and that therefore this case is not identical with any Delaware cases, ignores the fact that courts in this District have applied a "substantial overlap" test when applying the First-Filed rule. *See GlaxoSmithKline Consumer Healthcare, L.P. v. Merix Pharm. Corp.*, No. Civ.A. 05-898(DRD), 2005 WL 1116318, at \*10 (D.N.J. May 10, 2005) ("[W]here the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute."); *Nature's Benefit, Inc. v. NFI*, Civ. No. 06-4836 (GEB), 2007 WL 2462625, at \*9 (D.N.J. Aug. 27, 2007) (applying first-filed rule and

9

transferring to forum where "substantially similar litigation" was pending). Here, as explained above, there is substantial overlap between the issues raised in this case and those that were before Judge Stark in the First and Second Wave Suits. Furthermore, in light of the fact that Annora and Alkem (defendants in the currently pending suits in Delaware involving the First and Second Wave Patents) are likely raising the same obviousness defense that Bionpharma is raising in this case, and similar written description and non-enablement defenses, the potential for conflicting decisions is great. *GlaxoSmithKline,* 2005 WL 1116318, at *9. Finally, as both parties are domiciled in Delaware and have been battling there for three years over Bionpharma's ANDA, Delaware has a greater interest in resolving this dispute.

### III.    AZURITY CONCEDES IT FORUM SHOPPED

Last, it is worth noting that Azurity essentially concedes that one reason it chose New Jersey for this suit was to be able to invoke L.Pat.R. 3.6(j) and secure production of Bionpharma's ANDA correspondence. ECF No. 31, Azurity's Opp'n at 6-7. Azurity was permitted to discover Bionpharma's FDA correspondence in Delaware in connection with the First and Second Wave Suits, but not FDA correspondence solely related to the approval status of Bionpharma's ANDA. ECF No. 29, Aug. 23, 2021 Bionpharma Ltr. Ex., 18-1962 ECF No. 29, Scheduling Order at 4. Azurity essentially concedes that at least part of the reason it filed the instant Third Wave Suit here was to get away from Judge Stark's order exempting Bionpharma from producing FDA correspondence solely related to the approval status of Bionpharma's ANDA. ECF No. 31, Azurity's Opp'n at 1-2, 7. This is improper.

The other justifications Azurity advances for filing suit in this District—that Bionpharma has an office in New Jersey and prepared and submitted its ANDA from that office—are disingenuous, as they ignore the fact that Azurity previously sued Bionpharma three times in Delaware over the same ANDA and seven patents in the same family as the patent-in-suit.

10

Bionpharma respectfully submits that the only reason Azurity filed suit here was to get away from Judge Stark and His Honor's adverse rulings and findings, including that a position advanced by Azurity and its expert in the First Wave Suits lacked credibility.  ECF No. 9-7, 7/13/21 Shrestha Ex. G, Op. at 66 n.12.

## CONCLUSION

For the foregoing reasons and those expressed in Bionpharma's Opening Brief (ECF No. 7-1), Bionpharma respectfully requests that the instant suit be transferred to Delaware.

Dated:  August 27, 2021

Respectfully submitted,

*/s/ Thomas R. Curtin*
Thomas R. Curtin
George C. Jones
MCELROY, DEUTSCH, MULVANEY
 & CARPENTER, LLP
1300 Mount Kemble Ave.
P.O. Box 2075
Morristown, NJ 07962-2075
Tel:  (973) 993-8100
Fax:  (973) 425-0161
tcurtin@mdmc-law.com
gjones@mdmc-law.com

Of Counsel:

Andrew M. Alul
Roshan P. Shrestha, Ph.D.
TAFT, STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
312-527-4000
aalul@taftlaw.com
rshrestha@taftlaw.com

*Attorneys for Defendant Bionpharma Inc.*